IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JODEE ANDERSON,**

Plaintiff,

v.

**BANK OF AMERICA N.A.,** a Delaware corporation, and **JOHN DOE,** an unknown trust,

Defendants.

3:13-cv-01660-AC

ORDER ON MOTIONS

ACOSTA, Magistrate Judge:

On February 11, 2015, Defendant Bank of America filed four motions pertaining to discovery issues: Unopposed Motion for Hearing (Dkt. No. 69), Motion to Postpone Ruling on Motion for Reconsideration and Objections to Order (Dkt. No 71), Motion for Reconsideration (Dkt. No. 72), and Objections to Magistrate Judge's Order (Dkt. No 73). Bank of America challenges the court's January 28, 2015 order allowing Plaintiff Jodee Anderson to depose Bank of America employee and declarant Erin Avera, seeks to delay the court's consideration of that challenge while the parties schedule mediation and Anderson contemplates the necessity of the

Page 1 - ORDER

deposition, and asks the court to extend the deadlines for discovery closure and dispositive motions. Bank of America requests a hearing on its request for an extension of deadlines. (Dkt. No. 69.)

Relevant to the court's rulings on these motions, the court notes the parties have required the court's intervention on discovery disputes on at least six occasions:

1. January 29, 2014 (P's motion to compel – #22);

2. November 4, 2014 (P's 2nd motion to compel – #48);

3. December 22, 2014 email order in response to December 19, 2015 letter from Bank of America counsel requesting clarification of court's December 11, 2014 order on Anderson's Second Motion to Compel;

4. January 9, 2015 (discovery conference – #67);

5. January 20, 2015 email order in response to January 16, 2015 letter from Bank of America counsel requesting the court decline to order Bank of America produce emails; and

6. January 28, 2015 email order in response to January 21, 2015 letter from Anderson's counsel requesting the court order Bank of America to produce emails and related information.[1]

Federal Rule of Civil Procedure 1 states that the federal rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Federal Rule of Civil Procedure 16(a) provides in relevant part that the court may

---

[1] Copies of the parties' emails and this court's email orders are filed with this Order.

order counsel "to appear for one or more pretrial conferences for such purposes as: (1) expediting disposition of the action; (2) establish early and continuing control so that the case will not be protracted because of lack of management; [and] (3) discouraging wasteful pretrial activities[.]" Federal Rule of Civil Procedure 16(c)(2) empowers the court to "consider and take appropriate action" on numerous matters including "(F) controlling and scheduling discovery," and "(P) "facilitating in other ways the just, speedy, and inexpensive disposition of the action."

Pursuant to these rules and consistent with their purpose, and in accordance with the court's inherent authority to manage its case docket, the court enters this order regarding the court motions currently pending in this case:

1.     Unopposed Motion for Hearing (Dkt. No. 69).

**RULING: DENIED in part, GRANTED in part.**

Bank of America asks for a hearing to discuss an extension of the discovery closure and dispositive motions deadlines. The court finds a hearing is unnecessary and DENIES that part of Bank of America's motion.

Bank of America asks to extend the discovery closure and dispositive motion deadlines. The court concludes that a reasonable extension is appropriate, and thus GRANTS that part of Bank of America's motion, but finds that a 120-day extension is not reasonable. This case now is 17 months old and the parties have yet to complete discovery. Significantly contributing to this prolonged course is the parties' multiple discovery disputes. As noted above, court intervention has been necessary on at least six separate occasions to resolve the parties' various discovery disagreements. Further, additional delay resulted form the parties' inability to agree on a date for their first mediation. The parties' request mediation, first made on December 4,

Page 3 - ORDER

2013, by Bank of America's counsel, resulted in an order on December 16, 2013 (see Dkt. No. 17), referring this case to the court's Staff Mediator, but that the mediation did not occur until February 18, 2014. The record contains no justification for the delay in scheduling and convening the parties' first mediation, and the court is unwilling to grant another extensive delay of discovery to allow the parties to schedule and convene a second mediation.

Accordingly, the court extends the current discovery closure and dispositive motion dates by seventy-five (75) days. Discovery shall close on May 1, 2015, and dispositive motions must be filed no later than June 1, 2015. Further, the court ORDERS expert disclosures to be served no later than July 1, 2015, and expert depositions to be completed by August 17, 2015.

2.  Motion to Postpone Ruling on Motion for Reconsideration and Objections to Order (Dkt. No 71).

**RULING: DENIED in part, GRANTED in part.**

These two motions present different procedural issues.

*A.   Motion for Reconsideration.*

A motion for reconsideration is directed to the judge who issued the decision that the filing party asks be reconsidered. Accordingly, this court may decide whether to postpone a determination of Bank of America's motion for reconsideration of the court's January 28, 2015 email order, which gave Anderson permission to depose Ms. Avera. Given Bank of America's representation that Anderson currently is uncertain whether she will depose Ms. Avera and that Anderson consents to the motion to postpone, the court GRANTS this part of Bank of America's motion, as modified below.

\\\\\

B.     *Objections to Order.*

Bank of America has filed objections to the court's January 28, 2015 email discovery order, and asks this court to postpone referring those objections to a district judge while Anderson considers whether she will depose Ms. Avera. Objections to a magistrate judge's non-dispositive order are referred to and decided by a district court judge. FED R. CIV. P. 72(a). However, the parties here have consented to jurisdiction by magistrate judge (*see* Dkt. No. 52, November 12, 2014), and the parties' consent authorizes this court to preside over this case for all purposes. *See* FED R. CIV. P. 73(a) ("When authorized under 28 U.S.C. § 636(c) a magistrate judge may, if all parties consent, conduct a civil action or proceeding, including a jury or nonjury trial."); 28 U.S.C. § 636(c)(1) ("Upon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves."). Thus, Bank of America's objections to this court's January 28, 2015 email order are not the proper procedural route for challenging that order. *See* 28 U.S.C. § 636(c)(3) (providing that the appeal route from any final order or judgment entered by a magistrate judge is directly to the appropriate united states court of appeals); FED. R. CIV. P. 73© ("In accordance with 28 U.S.C. §636(c)(3), an appeal from a judgment entered at a magistrate judge's direction may be taken to the court of appeals as would any other appeal from a district-court judgment.").[2] Accordingly, the court DENIES this part of Bank of America's

---

[2] The Doe defendant named in Anderson's Complain (Dkt. No. 1) and First Amended Complaint (Dkt. No. 64) does not affect consent. *See Alfano v. Farley*, 3:12-cv-02319-PK, 2014 WL 1660667, at *1-*2 (D. Or. April 25, 2014)(Simon, J., holding consent not required from unserved parties, full consent to magistrate judge jurisdiction existed under 28 U.S.C. § 636(c)).

motion because the objections it seeks to postpone consideration of are procedurally improper, and thus need not be referred to a district court judge.

3.   Motion for Reconsideration (Dkt. No. 72).

Given Bank of America's representation that Anderson agrees the court need not rule on its motion for reconsideration until after the parties' mediation, the court GRANTS Bank of America's motion. Accordingly, the court STRIKES AS MOOT Bank of America's motion for reconsideration, without prejudice and with leave to refile five (5) calendar days after the date of the parties' mediation.

4.   Objections to Magistrate Judge's Order (Dkt. No 73).

As explained above, Bank of America's objections to this court's January 28, 2015 email order are procedurally improper. Accordingly, the court DENIES the objections as moot.

IT IS SO ORDERED.

DATED this 18th day of February, 2015.

JOHN V. ACOSTA
United States Magistrate Judge